## City of Springfield v. Mary Brooks.

1. ERROR—*Will not Always Reverse.*—An error in giving or refusing an instruction which has resulted in no injury to the party complaining is not sufficient to reverse the judgment.

Trespass on the Case, for personal injuries. Appeal from the Circuit

Court of Sangamon County; the Hon. ROBERT B. SHIRLEY, Judge, presiding.    Heard in this court at the May term, 1897.    Affirmed. Opinion filed December 2, 1897.

WILLIAM E. SHUTT, JR., city attorney, E. L. CHAPIN and JOHN C. SNIGG, attorneys for appellant.

GRAHAM & MILLER, attorneys for appellee.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

Appellee sued appellant in the court below, in this case, to recover damages for injuries received by her while walking leisurely along on a sidewalk on Pasfield street, in the city of Springfield, about 8 o'clock in the morning, on September 8, 1896, she falling by reason of her foot being caught in a hole in said walk, partly hidden by weeds growing thereon.    Her fall produced injuries which caused great pain and inability to walk without crutches.    In the court below appellee obtained judgment for $1,800, from which appellant appealed to this court, assigning the following errors:

"1. The court erred in overruling motion for new trial.

2. The court erred in giving the instructions asked by the plaintiff.

3. The court erred in rendering judgment for the plaintiff and against the defendant."

In its brief filed herein, appellant insists that the evidence fails to show that appellee was using ordinary care when she received the injuries complained of.

Upon examination of the evidence in this record, we find that no witness who testified saw appellee when she received the injuries complained of, and her own evidence was all there was on this point.    She, in her evidence, in response to the question, "At the time it (the fall) occurred, what were you doing?" answered, "I was walking along leisurely; had nothing in my hand; was thinking about getting home as soon as I could conveniently.    I never fell before in my life, and have been on the streets a good deal

on business." Further on in her evidence she said, "There were a good many weeds there; I noticed that as I stepped up there." (meaning on the walk). This was evidence tending to show ordinary care, we think, and in the absence of any contradictory evidence on this point, sufficient to sustain a verdict that she was using ordinary care. The other contention of appellant in its brief is that the court below erred in giving to the jury, at the request of appellee, instructions Nos. 1 and 4. Instruction 1 is as follows:

"The court instructs the jury that it is the duty of the city to use reasonable diligence to keep its sidewalks in reasonably safe condition and repair for foot passengers in passing to and fro over the same in the exercise of reasonable care for their own safety."

Instruction 4 is as follows:

"The court instructs you that if you believe from a preponderance of the evidence in this case that the plaintiff was walking along Pasfield street, in the city of Springfield, in the exercise of reasonable care and caution for her own safety, and while so doing her foot slipped, or in some way, without fault on her part, got into a hole in the sidewalk along said Pasfield street, which said city had negligently allowed to be and remain in said sidewalk after notice that it existed, as explained in these instructions, then the plaintiff is entitled to a verdict for such sum as in your judgment the evidence and the facts and circumstances in evidence warrants, if any."

The complaint appellant makes of instruction number one, is that "it is simply an abstract proposition of law, not appropriate to the case." It is true that it contains only an abstract proposition of law, and is subject to that criticism, but it is in our opinion a correct statement of the law, defining appellant's duty under the facts in this record, and a proposition of law also appropriate to such facts. And while we consider it not good practice for trial courts to give to the jury instructions containing mere abstract propositions of law, in this case we do not think this instruction improperly influenced the jury against appellant to its injury.

As to instruction number four, we are free to say that it is not drawn with that care that it ought to have been, and for that reason ought to have been refused; yet, we do not feel that the result of the trial in the court below shows that the jury were improperly influenced by it, because the verdict is clearly supported by the weight of the evidence. And besides, other instructions given by the court, at the request of both appellant and appellee, correct all the errors contained in the fourth instruction complained of.

Upon the whole record, we believe the judgment of the trial court in this case is a fair and just disposition of the issues involved, and is responsive to the facts proven, hence we affirm it.